**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN MCBRIDE

Plaintiff,

Case No. 3:16-cv-649-J-34JRK

vs.

HUDSON INS. CO. and MCRAE/METCALF,

Defendants.

_______________________________________/

## REPORT AND RECOMMENDATION[1]

### I. Status

This cause is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), filed May 26, 2016, that the Court construes as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 ("Motion"). Plaintiff filed his Complaint (Doc. No. 1) on the same date. On June 21, 2016, the undersigned took the Motion under advisement due to deficiencies identified in the Complaint. See Order (Doc. No. 4). Plaintiff filed an Amended Complaint (Doc. No. 5) on June 27, 2016. On July 11, 2016, concluding that Plaintiff's Amended Complaint was subject to dismissal, the undersigned entered an Order (Doc. No. 10), giving Plaintiff "one more opportunity to amend his pleading to state a claim on which relief can be granted." Order at 1. On August 10, 2016, Plaintiff filed his Second Amended Complaint (Doc. No. 11).

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Upon review of the Second Amended Complaint, for the reasons stated below, the undersigned recommends that the Motion be denied and the case be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), due to Plaintiff's failure to state a claim on which relief may be granted.

## II.  Applicable Law

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted).  While a litigant need not show she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking."  Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## III. The Second Amended Complaint

The Second Amended Complaint brings claims pursuant to 42 U.S.C. §§ 1981 and 1985(2), as well as state common-law claims for negligence, breach of contract, and fraud/misrepresentation, and it seeks compensatory and punitive damages against Defendants in the amount of $125,000. 2d Am. Compl. at 3. As the basis for his claims, overall, Plaintiff asserts that Defendants and others "have acted with a racial purpose and

racial intent to impede [his] right to sue and/or enforce [a] surety bond contract."[2] Id. at 8. The surety bond at issue, according to Plaintiff, is for $25,000, and it was obtained by North Jax Auto Sales and underwritten by Defendant Hudson Insurance Company ("Hudson"). Id. Plaintiff asserts that the surety bond was valid in March 2015 and that he submitted an action on the surety bond to Defendants on June 8, 2015. Id. Some time thereafter, Plaintiff also filed an action on the bond in state court. See id.; see also Doc. No. 11-1, at 1-7 (attached motion from state court action).[3] According to Plaintiff, Defendants (including Defendant McRae/Metcalf, the law firm that represents Defendant Hudson) attempted to evade Plaintiff's action on the bond by producing a false cancellation notice and claiming the bond was cancelled and no longer in effect at the time of Plaintiff's action. See 2d Am. Compl. at 9-12.

The allegations in the Second Amended Complaint suggest Defendants have since acknowledged that they were mistaken in claiming the bond was cancelled and no longer in effect. See id. at 4, 6-7. Plaintiff contends, however, that this was not a "simple mistake" but rather an intentional maneuver of Defendants to deny Plaintiff's constitutional rights (including

---

[2] Quotations from the Second Amended Complaint omit some capitalization, as the Second Amended Complaint is handwritten in all capital letters.

[3] The case was filed in Florida's Fourth Judicial Circuit in and for Duval County. The attached state court motion is titled "Motion to Strike or in Alternative Deny Plaintiff's Motion to Impose Sanctions – Angie Vandenberg," and was filed in July 2016 by attorney Angie Vandenberg of McRae & Metcalf, P.A.. See Doc. No. 11-1, at 1-7. In the motion, Ms. Vandenberg addresses some of the circumstances alleged in the instant case, and it seems from the motion that Plaintiff sought to impose sanctions against Ms. Vandenberg, as attorney for Hudson, for falsely representing that the bond was no longer in effect. See id. Reviewing the state court docket, the undersigned takes notice that Plaintiff's motion for sanctions and his motion to add Hudson as a party were denied without explanation by the state court on July 27, 2016. See Order Denying Plaintiff's Motion for Sanctions to Be Imposed Upon Attorney Vandenberg, McBride v. North Jax Auto Sales, Inc., No. 2015-CA-3947 (Fla. 4th Cir. Ct. July 27, 2016); Order Denying Plaintiff's Motion to Add Party Hudson Insurance Company, McBride v. North Jax Auto Sales, Inc., No. 2015-CA-3947 (Fla. 4th Cir. Ct. July 27, 2016). Plaintiff recently obtained a final judgment by default against North Jax Auto Sales in the amount of $14,000 for lost income resulting from Plaintiff's difficulties obtaining the tag and title for a vehicle he bought from the company. See Final Judgment After Default, McBride v. North Jax Auto Sales, Inc., No. 2015-CA-3947 (Fla. 4th Cir. Ct. Sept. 26, 2016). It appears the case is still pending with respect to other defendants.
   Here, although at least some of Plaintiff's allegations relate to the state court action, see, e.g., 2d Am. Compl. at 6, Plaintiff does not specifically dispute any state court decision, and Defendants here have not been defendants in the state case.

"the right to sue," "the right to enforce the surety bond contract," and the right to a "full and equal benefit of the law and proceedings"). Id. at 6, 7, 8, 12-13. Defendants have done so, according to Plaintiff, out of racial discrimination—specifically, because Defendants are white and Plaintiff is black. Id. at 4, 6, 8, 11. And by claiming their actions were due to a simple mistake, Plaintiff asserts, Defendants are attempting to rest on their "white privilege." Id. at 4, 6, 7.

## IV. Discussion

The undersigned finds the Second Amended Complaint is subject to dismissal because Plaintiff fails to state a claim under 42 U.S.C. § 1981 or § 1985(2).[4] To state a claim under § 1981, a plaintiff must allege sufficient facts to show that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute," Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1235 (11th Cir. 2000), including the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property," 42 U.S.C. § 1981. To state a claim under § 1985(2), a plaintiff must allege a conspiracy and also show either "a nexus between the alleged conspiracy and a proceeding in federal court" or "a racial or otherwise class-based discriminatory animus." Jimenez v. Wizel, 644 F. App'x 868, 873 (11th Cir. 2016) (unpublished) (quoting Bradt v. Smith, 634 F.2d 796, 801 (5th Cir. 1981)).

[4] As noted, the Amended Complaint also includes state common-law claims for negligence, breach of contract, and fraud/misrepresentation. See 2d Am. Compl. at 3. Given that Plaintiff provides a Florida address for himself and one Defendant, there is no diversity of citizenship here, so this Court's jurisdiction depends on whether Plaintiff adequately states a federal claim for relief. See 28 U.S.C. §§ 1331, 1332. Accordingly the undersigned does not address Plaintiff's state common-law claims here.

Here, Plaintiff fails to state a claim under either statute because he does not plausibly allege that Defendants acted with intentional racial discrimination or with a racial discriminatory animus. That is, the Second Amended Complaint fails to allege any facts to show that Defendants intentionally treated him less favorably because of his race. Because it contains only conclusory allegations of racial discrimination or animus, Plaintiff's Second Amended Complaint is subject to dismissal for failure to state a claim on which relief may be granted.[5] See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1271-74 (11th Cir. 2004).

## V. Conclusion

Based on the foregoing, it is

**RECOMMENDED**:

1. That Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), construed as a motion to proceed in forma pauperis, be **DENIED**.

2. That this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. That the Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on November 2, 2016.

James R. Klindt

**JAMES R. KLINDT**
United States Magistrate Judge

[5] As the Second Amended Complaint is subject to dismissal on this basis, the undersigned need not consider the effect of Plaintiff's state court action on this case—such as whether that action precludes his claims here or whether this Court otherwise should abstain from hearing the case.

clr

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro se party